UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR WEBB, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>Defendants. | No. 1:19-cv-01716-DAD-EPG<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION OF THE ASSIGNED MAGISTRATE JUDGE'S JUNE 26, 2020 ORDER<br><br>(Doc. No. 30) |

This matter is before the court on a request for reconsideration of a discovery-related order brought on behalf of plaintiffs Taylor Webb, Jeremy Westfall, A.W., and Donnie Cox, as guardian ad litem for A.W (collectively, "plaintiffs"). (Doc. No. 30.) Plaintiffs request reconsideration of the assigned magistrate judge's June 26, 2020 order (Doc. No. 25) denying without prejudice their motion (Doc. No. 19) seeking an order directing the Stanislaus County Superior Court ("the state court") to produce A.W.'s juvenile case file. (Doc. No. 30 at 1–2.) For the reasons set forth below, plaintiffs' request for reconsideration will be denied.

**BACKGROUND**

Plaintiffs Webb and Westfall are the biological parents of plaintiff A.W., an infant. (Doc. No. 1 at 2.) Plaintiffs allege that defendants County of Stanislaus, the City of Modesto, and various named and unnamed individuals unlawfully seized and removed A.W. from plaintiffs Webb and Westfall in October of 2019. (*See generally* Doc. No. 1.)

1

On May 19, 2020, plaintiffs filed a motion in this action for an order directing the superior court to "produce the juvenile court files . . . pertaining to the minor Plaintiff A.W." (Doc. No. 19 at 1–2.) Therein, plaintiffs argued that they should not be required to seek those records pursuant to the process outlined in California Welfare & Institution Code § 827, the statutory scheme governing access to a juvenile's case file and how, because that process is unconstitutional in that it denies minors and their parents their due process rights; is inconsistent with discovery rules under the Federal Rules of Civil Procedure; and it suffers from various practical deficiencies, including that § 827 requests can, according to plaintiffs, take years to process and that the documents that are ultimately produced often contain redactions and other documents are withheld. (*See generally* Doc. No. 19.) Defendant City of Modesto filed a statement of non-opposition to plaintiffs' motion (Doc. No. 23) and no other defendant responded to it.

On June 26, 2020, the magistrate judge held a hearing on plaintiffs' motion and denied the motion without prejudice to its refiling for the reasons stated on the record at that hearing. Following the hearing the court issued a minute order, noting that the motion "is DENIED without prejudice for the reasons stated on the record." (Doc. No. 25.) During the hearing, the magistrate judge stated on the record as follows:

> [T]he motion that is pending right now is Plaintiff's motion for an order regarding the production of the juvenile case file, and that's Document 19, and I'll summarize Plaintiffs' argument, that they wish not to go forward at all with the Section 827 process, which is an established process to request records from the Juvenile Court on the basis that federal law governs, that the Federal Court is -- has the authority to order the entire juvenile case file without restriction and asking me, without seeing any of the documents, to order that they all can be produced. I am not going to grant that motion. In the short term, I see no harm in first going through the 827 process and -- and giving the California Court a chance to review and weigh on those requests . . ..
>
> [T]he California courts do have expertise in this area. It is their file. They are the courts that did these proceedings. There are specific interests that they feel strongly about, and in the first instance, I would like to give the courts a chance to review their own files and determine which can be produced based on their own judgment. I have done that in other cases.
>
> Although I – I hear the worry this could take a long time, I'll tell you in my small experience, I have found that it does not always take a long time, and this is not a pressing matter, although, of course, every

> case we need to worry about issues such as the passage of time and memory.  If this is -- this is one for money damages, and I think that there is not a harm in first -- allowing in the first instance the welfare court to review documents and determine which it will allow to be produced.  That is without prejudice to after th[at] Court has made its determination, coming to this Court and asking for an order that any documents that are withheld or redacted, I should then order production.  It is also without prejudice that after a certain amount of time -- and we could talk about what would be an appropriate amount of time -- if there has not been any order from the California Court and -- to renew this motion on the basis of timeliness.
>
> But, otherwise, I don't see any harm in at least seeing what the Court -- the Welfare Court decides.  And I certainly would benefit from hearing from them and just hearing which documents they believe should be protected and having any guidance from that Court.  I – I recognize that Plaintiff does not trust those courts, but I-- I do not lack such trust.  At least I'd like to give them first a chance to see what they say.

(Doc. No. 27 at 4–6.)  Later in the hearing, plaintiffs' counsel, Robert Powell, requested a written order memorializing the magistrate judge's denial of plaintiffs' motion.  (*Id.* at 39, 44, 50.)

On July 7, 2020, the magistrate judge received a letter from attorney Powell that was not filed on the docket nor reflected its service on defendants' counsel.  In that letter, plaintiffs' counsel, citing to Local Rule 303, again "request[ed] the Court state the basis for the denial in a written order specifying the Court's reasoning."  (Doc. No. 30-3 at 3.)  Construing the letter as an *ex parte* communication, the magistrate judge directed the Clerk of the Court to return the letter to attorney Powell, and instructed him that any objections to court orders or any other substantive submission to the court must be presented by the filing of an appropriate motion or document on the court's docket. (Doc. No. 28.)

On July 10, 2020, plaintiffs filed the pending request for reconsideration of the magistrate judge's June 26, 2020 ruling denying their motion for an order requiring production of the juvenile case file by the state court.  (Doc. No. 30.)  Therein, plaintiffs argue that the magistrate judge's "refusal" to issue a written order is contrary to law, and they continue to argue that the process to obtain juvenile case files from the superior court in which such cases are conducted pursuant to California Welfare & Institution Code § 827 is unconstitutional and impractical.  (*See generally id.*)

/////

**LEGAL STANDARD**

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72(a); *see also* L.R. 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). Discovery motions are non-dispositive pretrial motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Thus, the orders of a magistrate judge addressing discovery motions are subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

**DISCUSSION**

**A.     The Magistrate Judge's June 26, 2020 Order Suffices**

In the pending request for reconsideration, plaintiffs argue that the June 26, 2020 minute order denying their motion for the reasons stated on the record of the June 26, 2020 hearing on the motion is not a written order as required by this court's Local Rules.[1]  (Doc. No. 34 at 4.)

---

[1] Local Rule 303(a) provides that "[r]ulings of the Magistrate Judge shall be in writing with a statement of the reasons therefor and shall be filed and served on all parties."

Plaintiffs' contend that absent a written order they are unable to seek reconsideration of the magistrate judge's ruling, and instead "now [are] attempting to interpret the Court's comments in the transcript, and divining *fact* findings—if any—from *legal* findings or opinion." (*Id.*) Plaintiffs' argument in this regard is unpersuasive.

The magistrate judge issued a minute order denying plaintiffs' motion requiring the state court to produce its juvenile case file without prejudice. (Doc. No. 25.) Nothing more is required by Local Rule 303(a). Indeed, plaintiffs' counsel appears to have conceded as much in his July 7, 2020 letter to the magistrate judge which counsel has attached as an exhibit to his motion for reconsideration. (*See* Doc. No. 30-3 at 2) ("I cannot deny that one could argue that writing in a Minute Order that the reasons a motion was denied are contained in a transcript is order-like, but that seems far removed from the concept of a foundation for 'reconsideration' . . . ."). Plaintiffs' counsel may be suggesting that the issuance of the written minute order effectively required him to order a transcript of the hearing to ascertain the basis for the ruling, thereby biting into the fourteen-day window for moving for reconsideration of that ruling. However, counsel could easily have moved for an extension of time to file a motion for reconsideration based upon those very reasons and the request would have almost certainly been granted.

Moreover, any complaint counsel has in this regard can be responded to succinctly—no harm, no foul. Plaintiffs' counsel were obviously more than capable of discerning the basis of the magistrate judge's ruling denying their motion without prejudice. First, the ruling was clear and straight-forward. As evidenced by the transcript excerpt quoted above, the basis for the magistrate judge's ruling was stated at the outset of the hearing and was simply stated: plaintiffs have not attempted to obtain A.W.'s juvenile case file from the superior court pursuant to § 827, and they should first pursue that procedure available under California law given the privacy and confidentiality concerns related to requests for a juvenile's case file and the superior court's expertise in dealing with such requests. Second, in the motion for reconsideration pending before the undersigned, plaintiffs' counsel disputes each of the magistrate judge's bases for denying their motion. (*See* Doc. No. 30 at 6–8.)

/////

5

1    Accordingly, plaintiffs' request for a written order denying their motion will be denied.[2]

2    **B.    The June 26, 2020 Order is Neither Clearly Erroneous Nor Contrary to Law**

3    The remainder of the pending request for reconsideration merely repeats the arguments that plaintiffs advanced in the motion the magistrate judge denied.  Plaintiffs do not argue that the magistrate judge applied an incorrect legal standard, misapplied the applicable standard, or failed to apply or misapplied relevant statutes, case law, or rules of procedure.  In short, plaintiffs merely disagree with the magistrate judge's ruling, but provide no persuasive analysis or argument in support of their position.  This is reason alone to deny their request for reconsideration.

The fact that seeking juvenile case files pursuant to California Welfare & Institution Code § 827 might sometimes prove cumbersome, slow, or result in the production of some redacted documents and the withholding of others does not provide a basis upon which to reconsider the magistrate judge's ruling.  Similarly, the fact that attorney Powell's experiences with the juvenile court system in California cause him to believe that utilizing the procedure authorized by California law will prove to be futile, is also an insufficient ground for rejecting that order.[3]  Here, plaintiffs have yet to even attempt to obtain the documents pursuant to § 827.  *See Prasad v. Simmons*, No. 15-cv-04933-BLF, 2019 WL 294760, at *2 (N.D. Cal. Jan. 23, 2019) ("These records were obtained by state court order pursuant to California Welfare and Institutions Code § 827, which governs access to and use of child dependency records, for release only to limited persons for limited purposes.").  The magistrate judge therefore did not err in denying plaintiffs'

---

[2] Even if the undersigned were deciding plaintiffs' motion for production of the juvenile case file *de novo*, the motion would be denied without prejudice for the same reasons stated on the record by the magistrate judge.

[3] California law provides a statutory scheme for seeking the production of a juvenile's case file. Plaintiffs seek to circumvent that authorized procedure by arguing that the process is impractical or unconstitutional.  However, those contentions are not at issue in this action.  Similarly, the fact that attorney Powell has purportedly experienced delays and other problems in the past when requesting juvenile case files from California courts in other cases does not mean that will occur here. Most importantly for resolution of the pending request for reconsideration, plaintiffs' counsel has cited *no* authority in support of their contention that the order denying their motion for production without prejudice was in any way clearly erroneous or contrary to law.

motion for an order from this court compelling production of the juvenile case file *without prejudice to its refiling*, noting:  (1) the comity concerns between this federal court and the state courts; (2) that the magistrate judge would benefit from the superior court's review of and determination of which, if any, documents contained in the juvenile case file should be produced; and (3) that in the magistrate judge's experience, the § 827 process is not unduly time-consuming.  If plaintiffs elect to seek A.W.'s case file through the procedure authorized by § 827 and either receive documents that in their view are unduly redacted or withheld altogether, or if their request is not addressed in a timely fashion, the magistrate judge has invited plaintiffs to refile their motion seeking an order for production from this court.  (Doc. No. 27 at 9.)

Accordingly, the undersigned concludes that the magistrate judge's order denying plaintiffs' motion was not clearly erroneous or contrary to law.  Plaintiffs' request for reconsideration of the magistrate judge's order dated June 26, 2020 will therefore be denied.[4]

### CONCLUSION

For the reasons set forth above, plaintiffs' request for reconsideration of the magistrate judge's order dated June 26, 2020 (Doc. No. 30) is denied.

IT IS SO ORDERED.

Dated:   **July 28, 2020**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

---

[4] In ruling on the pending request for reconsideration, the undersigned reviewed the entire transcript for the June 26, 2020 hearing on plaintiffs' motion.  At several points in that hearing, attorney Powell interrupted and otherwise addressed the magistrate judge in a manner that the undersigned will mildly characterize as inappropriate.  Having been warned, any repetition of such conduct will likely result in the imposition of sanctions.