1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   TAYLOR WEBB, et al.,                      Case No.  1:19-cv-01716-DAD-EPG

12                    Plaintiffs,

13           v.                                ORDER DENYING PLAINTIFFS' EX PARTE
                                               APPLICATION FOR AN ORDER TO SHOW
14   COUNTY OF STANISLAUS, et al.,             CAUSE RE: CONTEMPT WITHOUT
                                               PREJUDICE
15                    Defendants.
                                               (ECF No. 50)
16

17          Before the Court is an ex parte application filed by Plaintiffs Taylor Webb, Jeremy

18   Westfall, and A.W., by and through her Guardian Ad Litem Donnie R. Cox ("Plaintiffs") seeking

19   an order requiring nonparty Paula Webb to show cause why she should not be found in contempt

20   of court for her failure to comply with a subpoena. (ECF No. 50.) For the following reasons,

21   Plaintiffs' application will be denied without prejudice.

22          Plaintiffs filed their application on April 23, 2021. (ECF No. 50.) According to the

23   application, Plaintiffs issued a subpoena commanding Paula Webb to appear for a deposition on

24   April 2, 2021, at 10:00 AM at DepomaxMerit Litigation Services, 333 S. Rio Grande, Salt Lake

25   City, UT 84101. (ECF No. 50-1.) Paula Webb was personally served with the subpoena on March

26   19, 2021, but failed to appear at the deposition. (*Id.*)

27          Federal Rule of Civil Procedure 45 governs issuance of subpoenas to nonparties. *See* Fed.

28   R. Civ. P. 45. Under Rule 45, motions regarding depositions of nonparties, including motions to

1

hold a person in contempt for failure to obey a subpoena, are to be decided by "the court for the district where compliance is required." *See* Fed. R. Civ. P. 45(g); *see also BNSF Ry. Co. v. Alere, Inc.,* 2018 WL 2267144, at *10 (S.D. Cal. May 17, 2018) ("[Rule 45] contemplates that the enforcement . . . of a subpoena must issue from the district where compliance is required."). "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The issuing court otherwise lacks jurisdiction to enforce the subpoena if compliance will occur in another district. *See, e.g., Europlay Cap. Advisors, LLC v. Does,* 323 F.R.D. 628, 629 (C.D. Cal. 2018) (denying motion to compel a response to a subpoena due to lack of jurisdiction where compliance would occur in another district); *BNSF Ry. Co.,* 2018 WL 2267144, at *10 (same); *Youngevity Int'l, Corp. v. Smith,* 2017 WL 6418961, at *3 (S.D. Cal. Dec. 15, 2017) (holding that the court lacked jurisdiction to enforce a subpoena under Rule 45 where the place of compliance was in another district).

Here, Plaintiffs move this Court for an order for Paula Webb to show cause why she should not be held in contempt for failing to comply with a subpoena that required her to attend a deposition in Salt Lake City, Utah. Although this Court is the issuing court, the United States District Court for the District of Utah is the court for the district where compliance is required. The application was filed with this Court in the first instance and was not transferred from the District of Utah. The Court therefore lacks jurisdiction to enforce the subpoena and will deny Plaintiffs' application without prejudice.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Ex Parte Application for an Order to Show Cause Re: Contempt (ECF No. 50) is DENIED without prejudice.
IT IS SO ORDERED.

Dated: __**April 30, 2021**__          /s/ *Erin P. Gray*
                                          UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3