UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR WEBB, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01716-DAD-EPG<br><br>ORDER GRANTING PLAINTIFFS' REQUEST TO SEAL<br><br>(ECF No. 70) |

Before the Court is a request to file documents under seal filed by Plaintiffs Taylor Webb, Jeremy Westfall, and A.W., by and through her Guardian Ad Litem Donnie R. Cox ("Plaintiffs"). (ECF No. 70.) Plaintiffs seek to file excerpts from Plaintiff A.W.'s juvenile case file under seal in support of Plaintiff Taylor Webb's motion to compel further discovery. Defendants County of Stanislaus, April Cobbs, Lawrence Jones, Patricia Tout, and Eric Anderson ("Defendants") were served with a copy of the request and did not submit an opposition. For the following reasons, the Court will grant Plaintiffs' request to seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Id.* at 1180. This "federal common law right of access"

to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted).

Two standards govern whether documents should be sealed: a "compelling reasons" standard and a "good cause" standard. *Kamakana*, 447 F.3d at 1179; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). The key in determining which standard to apply is "whether the motion is more than tangentially related to the merits of a case." *Ctr. For Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1096 (9th Cir. 2016). The "good cause" standard presents a lower burden for the party wishing to seal documents. *Pintos*, 605 F.3d at 678. Courts determine whether good cause exists to protect the information from being disclosed to the public by "balancing the needs for discovery against the need for confidentiality." *Id.* (quoting *Phillips*, 307 F.3d at 1213).

Additionally, under Local Rule 141, a party's "'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." E.D. Cal. L.R. 141(b).

Plaintiff Taylor Webb seeks to file the documents at issue in connection with a motion to compel further discovery. Specifically, the motion seeks to compel Defendant County of Stanislaus to produce documents responsive to Plaintiff Taylor Webb's requests for production. (*See* ECF No. 70.) This motion is no more than tangentially related to the merits of the case, and therefore the good cause standard applies to Plaintiffs' request to seal. *See Ctr. For Auto Safety*, 809 F.3d at 1098 (recognizing that "discovery-related motions are often unrelated to the merits of a case").

Here, Plaintiffs explain that the documents to be filed under seal originate from A.W.'s juvenile case file, and juvenile case files are confidential. (ECF No. 70.) Access to documents within those files is limited to a circumscribed list of individuals. (*Id.*) Plaintiff's request also sets forth the information required by Local Rule 141.

///

Having considered the request and the documents at issue, the Court finds that there is good cause to file the portions of A.W.'s juvenile case file under seal.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to seal (ECF No. 70) is GRANTED;
2. Exhibit A to Plaintiff's request to seal, consisting of documents bates stamped COS0000825, COS0000833, COS0000835-836, COS0000838-839, COS0000841-847, COS0000850-861, COS0000863-864, COS0000866-883, COS0000886-887, COS0000889-890, shall be filed and maintained under seal; and
3. Counsel for Plaintiffs shall comply with the procedures described in Local Rule 141(e)(2)(i) regarding disposition of the documents for sealing.

IT IS SO ORDERED.

Dated: **October 4, 2021**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

3