ROBERT R. POWELL, SBN: 159747
POWELL & ASSOCIATES
925 West Hedding Street
San Jose, California 95126
T: (408) 553-0201 F: (408) 553-0203
E: rpowell@rrpassociates.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR WEBB, et al., | Case No.: 1:19-cv-01716-DAD-EPG |
| Plaintiffs, | **PLAINTIFF TAYLOR WEBB'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL [DKT. 71]** |
| v. | |
| COUNTY OF STANISLAUS, et al., | Judge: Dale A. Drozd<br>Magistrate Judge: Erica P. Grosjean |
| Defendants. | |

Plaintiffs submit this Reply in Support of Plaintiff Taylor Webb's Motion To Compel ("Motion") in advance of the November 15, 2021, hearing on this matter.

## I.   <u>INTRODUCTION</u>

Defendants' Opposition attempts to misrepresent their behavior during this months-long saga of non-responsiveness, limited communication, and insufficient discovery responses as "continu[ing] to diligently engage in the discovery process." (Dkt. 75, 1:5) There is an ancient parable about "three blind men and an elephant," wherein each touches a different part of an elephant and thus describes the physical nature of the animal in wildly different terms.

1

Plaintiff's Reply in Supp. of Motion to Compel
Case No. 1:19-cv-01716-DAD-EPG
Webb v. County of Stanislaus

There are no blind men involved in the history leading to the Motion, yet indeed the perceptions could not as wildly disparate as were the blind men's description of the elephant; the Court will decide reality.  Plaintiffs submit the Opposition provides scant factual accuracy in response to the claims in Plaintiff's Motion to Compel ("Motion"). Defendants attempt to cast doubt on the sequence of events regarding the production of documents, the meet and confer effort, and requirements of L.R. 251, to convince the Court to strike Plaintiff's Motion. The "inaccuracies" will be addressed below.  Plaintiffs must express their feeling that the disingenuous telling of the history is actually something that should "count" towards the requested sanctions.

## II.   DEFENDANTS DID NOT RESPOND TO REQUEST FOR PRODUCTION SET TWO ON JULY 2, 2021

Defendants claim in their Opposition,

"On July 2, 2021, *Defendants* produced a *host of documents* in response to the document production request including documents contained within the juvenile case file." [emphasis added]

Whether this claim is a bold faced attempt to mislead the Court or is simply a case of misremembering the actual course of events, the statement is patently untrue both as to a "host of documents" and that they came from Defendants. On July 2, 2021, *County of Stanislaus' Community Services Agency* ("CSA") produced **18-pages** of documents as part of the juvenile case file *in response to the W&IC 827 petition* that had been filed and granted in the juvenile court. This production came with a letter from Maria Ratliff, *a County Counsel*, cc`ing Defendants` counsel from this case. (See Ex. A - Dec. Robert R. Powell)

As the Court is aware the W&IC 827 process moves through the juvenile court. It is a process separate and apart from the obligations of Defendants to timely and diligently respond to discovery requests in federal litigation. The actual Defendants` responses through their counsel to RFPD Set Two were in fact served July 29, 2021 (2 ½ months after service). (Ex. B - Dec. Robert R. Powell) This production had **77-pages of documents** – which included the

2

Plaintiff's Reply in Supp. of Motion to Compel
Case No. 1:19-cv-01716-DAD-EPG
Webb v. County of Stanislaus

original 18 produced.  So had Plaintiff solely relied on the good will and intentions of the CSA and the 827 process they would to this day be "down" fifty-nine (59) pages from the juvenile case file.  Also, note no reference was made within Defendants' responses to those documents previously provided under the W&IC 827 process. It should also be noted that there were exactly three e-mails (a one topic exchange) in a case involving all of the following, 1) a parent in an open dependency case (Mr. Westfall), 2) a family law filing Ms. Webb was forced to file, 3) a guardianship proceeding to take custody of A.W. (social worker contacts with civil court guardianship "people" are contained in CSA logs), 4) an "escape" from Utah by Ms. Webb, 5) and an Amber Alert involving local and state authorities known to have communicated with CSA social workers; three (3) e-mails!  Defendants have said more e-mails are coming, first saying they would be here early last week, now "coming" with no timeline offered at all.

## III.   PLAINTIFFS COMPLIED WITH MEET AND CONFER REQUIREMENTS

Plaintiff's Motion included a statement relating to failure to arrange a conference to satisfy Local Rules of the United States District Court, Eastern District of California, Rule 251 ("L.R. 251") prior to the filing of the Motion. A Declaration of Robert R. Powell and supporting exhibits were provided to demonstrate those attempts to arrange a meet and confer on the various issue outlined in the Motion, albeit these communications occurred solely via email. Defendants assert Plaintiffs simply failed to comply with the requirements of Civil Local Rule 251, due to a failure to file a Joint Statement re Discovery Disagreement prior to the filing of the Motion. (Dkt. 74, 3:7-4:17) The assertion is at best a misunderstanding.

Pursuant to L.R. 251(a):

"a hearing of a motion pursuant to Fed R. Civ. P 26 through 37 and 45…may be had by the filing and service of a notice of motion and motion scheduling the hearing date on the appropriate calendar at least twenty-one (21) days from the date of filing and service. **No other documents need to be filed at this time."** [emphasis added]

Plaintiff's Reply in Supp. of Motion to Compel
Case No. 1:19-cv-01716-DAD-EPG
Webb v. County of Stanislaus

L.R. 251(b) advises that a discovery motion shall not be **heard** unless the parties have "conferred and attempted to resolve their differences" and filed with the Court a Joint Statement re Discovery Disagreement ("Joint Statement") or affidavit as outlined in L.R. 251(d).  While Defendants are correct that there exists a requirement to meet and confer in advance of the hearing, nothing in the rule requires this occur prior to the filing of the motion. Defendants' citation to *Evans v. City of Vallejo*, (E.D. Cal., 9/25/18, No. 2:17-cv-01619 TLN AC) 2018 WL 4582605 AT *2) only further demonstrates Defendants confusion and misunderstanding of the applicability and timing of L.R. 251. (Dkt. 75, 3:18-25) The section explicitly states "**Prior to the filing of a Joint Statement**, the parties must confer in person or via telephone or video conferencing.[1]" L.R. 251 sub (a) requires the Joint Statement be filed "at least seven (7) days before the scheduled hearing date."

The Court continued the hearing for the Motion to November 15, 2021. (Dkt. 73) Accordingly, the hearing is set to proceed on this date provided a Joint Statement or affidavit as outlined in L.R. 251(d) is filed by November 8, 2021. The parties have already met and conferred via telephone on October 28, 2021, and November 4, 2021, to discuss the outstanding issues raised in the Motion.  At the time of drafting this Reply, the Plaintiffs draft of the Joint Statement was sent to Defendants' counsel Friday at 12:43 p.m., and receipt was confirmed.

Defendants' Opposition attempts to s-t-r-e-t-c-h the authority of *Rogers v. Guirbino* to dismiss Plaintiff's Motion. (288 F.R.D. 469, 477 (S.D. Cal. 2012) *Rogers* involved an incarcerated pro-se litigant's failure to meet and confer in advance of filing their Ex Parte Motion to Compel Discovery, which ultimately (ironically) proved to be ***not fatal*** to the Motion to Compel due the Court's discretion to "waive the meet and confer requirement". (*Ibid*. at 478) The meet and confer requirements in *Rogers* were based on Southern District

---

[1] Which the parties did, with this Court in attendance in the informal discovery dispute conference on August 5th, 2021.

Plaintiff's Reply in Supp. of Motion to Compel
Case No. 1:19-cv-01716-DAD-EPG
Webb v. County of Stanislaus

Court Local Rules and FRCP 37(a)(1), which requires that discovery motions compelling disclosure or discovery include a "certification that the movant has in good faith conferred or attempted to confer" with opposing party. As stated above, Plaintiff's Motion and accompanying Declaration included such certification as it related to L.R. 251.

Plaintiff's Motion outlined in detail how the parties complied with the Court's requirements to hold an informal discovery conference, and the extensive e-mail correspondence that took place in relation to this discovery dispute. In an effort to reduce repetition of those facts, the outcome of the informal discovery conference was that this Court granted Plaintiffs' request to file the Motion, even describing it as "the next stage", and called for the parties to meet and confer in an attempt to resolve their issues and to comply with the requirement of L.R. 251. (Dkt. 64; see also Ex. A - Dec. of Sarah Paulson, 16:15-20) Plaintiffs feel their actions in the Motion and as outlined above satisfy all the requirements of L.R. 251, and there exists no grounds to deny Plaintiff's Motion on the basis of a failure to meet and confer.  Given the Court specifically said it was granting Plaintiff permission to proceed with a Motion to Compel at the August 5th, 2021, discovery teleconference, it arguably would seem Defendants arguments are entirely devoid of merit.

## IV.   ONGOING REDACTION ISSUES

Defendants' Opposition spends considerable time repeating there is a the statutory basis for redacting confidential information from juvenile case file documents, and assert specifically that "confidential information" is required to be redacted pursuant to W&IC 827, though this general truism is stated without a scintilla of elaboration. This assertion is particularly hollow when considered in light of Defendants' conflation of their document production with that of the County's *827 production* on July 2, 2021 (see above), and their

Plaintiff's Reply in Supp. of Motion to Compel
Case No. 1:19-cv-01716-DAD-EPG
Webb v. County of Stanislaus

demonstrated knowledge that the juvenile court has authorized the release of A.W.'s juvenile case file for the purpose of this litigation.[2]

Noted in Defendants' Opposition, the very first documents produced by Defendants on the subject RFPD came on July 29, 2021, with redactions far beyond anything required by state or federal law. Indeed, after Plaintiffs culled through and pulled all the transparently objectionable redactions, sent them to Defendants and complained, Defendants re-produced them with far fewer redactions October 12th, 2021.[3] Despite these improved documents, some redaction issues remain; Defendants have been advised. It is unclear to Plaintiffs at this time whether those remaining redactions which Plaintiffs contend are improper and not protected by any confidentiality or privacy concerns will be reviewed or addressed by Defendants. If history is an indicator, it may be weeks to hear a response, much less updated production.

While Defendants remain adamant that there is no duty to produce a privilege log, it is the case that providing a "*privilege log*" has become "an almost universal method of asserting privilege under the Federal Rules." (*Caudle v. District of Columbia* (D DC 2009) 263 FRD 29, 35; *Novelty, Inc. v. Mountain View Marketing, Inc.* (SD IN 2009) 265 FRD 370, 380-381) Parties withholding documents as privileged or confidential should identify and describe the documents in sufficient detail to enable the demanding party "to assess the claim" of privilege or protection. (FRCP 26(b)(5)(A)(ii)) Providing a privilege log for the outstanding redactions provides Plaintiffs with the information required to determine if there remains a dispute as to these redacted portions. The Defendants should be required to produce a privilege log for any piece of information or data, or entire document they are withholding. Imagine the

---

[2] No Protective Order has been filed to date in this case. This is an oversight on the part of Plaintiffs and will be rectified immediately. Any concerns as to the production of A.W.'s juvenile case file and/or confidential information relating to Plaintiffs should be quashed by the filing of a Protective Order.

[3] Mr. Swingle has previously confirmed in writing and at the August 5, 2021, informal discovery conference that a number of these redactions were the result of "County policy." Plaintiffs submit there is no legal basis to make redactions in the documents related to a civil rights claim in a Federal Court proceeding, based on a "County policy." (See: Defendants' Discovery Dispute Letter at Dkt. 62; see also, Ex. A – Dec. of Sarah Paulson, 2:25-3:11)

---

Plaintiff's Reply in Supp. of Motion to Compel
Case No. 1:19-cv-01716-DAD-EPG
Webb v. County of Stanislaus

uselessness of 42 U.S.C. 1983 as a check on civil rights violations if the government entities and actors just claim something is confidential or privileged and simply ask the Court and the litigants "trust us?"  The Court is asked to order a privilege log not only for any redactions that remain, but also, to provide a Declaration by an avowed Custodian of Records that expressly state under oath that all documents have been produced – should in fact some day that be a true statement; it is not true at this moment for certain.

## V.   DEFENDANTS' ARGUMENTS RE: DIFFICULTIES IN DOCUMENT PRODUCTION AND WILLINGNESS TO PRODUCE WHEN AVAILABLE

Defendants argue in their Opposition that the document requests propounded by Plaintiffs "requires extensive searching by County employees through a host of databases" which is a "very time-consuming process" that has "required many hours of staff time to cull through thousands of pages of documents to locate responsive records". (Dkt. 75, 2:19-21, 4:8-9) That is the nature of the federal discovery process, it takes time to collect, review, and produce responsive documents. As noted by the Court at the August 5, 2021, informal discovery dispute conference "it's no too satisfying, or at least it's not really a defense to say that the attorney had been trying to get the County to comply." (Ex. A – Dec. of Sarah Paulson, 11:1-3) It should be noted that Defendants' responses on July 29th did not include objections on the basis of Plaintiffs' requests being unduly burdensome, nor indeed any other objections.  As recently as last week, a couple of responses to items still missing/due from the RFPD 2 (Youth Connection and Golden Valley documents) that are the subject of this Motion (just shy of *six months* since the May 18th service of it), involved a statement of Defendants counsel directly or to the effect of he, "has the County looking for it," and, "I will have [my client's] 'look and see' if they have it."

With regard to Defendants' claims that additional documents are forthcoming and will be delivered to Plaintiffs once available, such assertions do not negate the need for an Order of this Court compelling their production.  That simply has to be clear from the history

7

Plaintiff's Reply in Supp. of Motion to Compel
Case No. 1:19-cv-01716-DAD-EPG
Webb v. County of Stanislaus

outlined and documented in the Motion.  And please note, the Court will find no indication in Defendants' actual RFPD responses that additional documents would be forthcoming!

Furthermore, at the August 5, 2021, discovery conference, counsel for Defendants argued that there had been a delay in obtaining all responsive documents due to persons being on vacation, however that all responsive documents had in fact *been produced* to Plaintiffs by the time of the conference; Mr. Swingle stated that only additional juvenile case file documents were outstanding but would also be delivered "by next week, early next week." (Ex. A - Dec. of Sarah Paulson, 3:16)  The terms "shortly" or "tomorrow" or "soon" have been used numerous times in this struggle when Plaintiffs are told more or improved (i.e. less redacted) or not yet produced documents will arrive shortly; again like the parable, wildly different interpretations of the meaning of those words persist.  In the August 5th, 2021, teleconference, Defendants' counsel stated,

> "[ ] today got off the phone with, um, a representative who said that they are in the final processes of going through the records, and uh, there are some extensive records – fairly extensive records – and one of the things that also is going down is, is similar to the document production request, was that there were a number of key people on vacation this summer and also there the County has to go through certain redactions, uh privacy redactions, to their County policies in producing records by juvenile court file records. But, um, in speaking with, with that person this morning, um, I was advised that, that we are very close, coming down the homestretch, and hopefully will have these records **very soon**." (Ex. A 3:1-11)

Basically, for Defendants to now say, almost six (6) months after the document request was served on counsel's office, that they have "agreed numerous times to provide any additional responsive documents when they become available" and in fact have "continued to produce documents when they are received" is meaningless. (Dkt. 75, 4:16-17, 6:21) Since the initial document production on July 29, 2021, an additional **18 pages** have been produced by Defendants; these additional documents were included in the October 12, 2021, wherein many (but not all) redactions were removed. It should also be noted that the document production of October 12, 2021, utilized the same bates stamp numbering as the July 29,

Plaintiff's Reply in Supp. of Motion to Compel
Case No. 1:19-cv-01716-DAD-EPG
Webb v. County of Stanislaus

2021, however there are now discrepancies between the productions. Confirmation from Defendants that the October 12, 2021, production supersedes that of July 29, 2021, would be appreciated.[4] Finally, Defendants' Opposition, and indeed Defendants' counsel's comments during meet and confers recently held, indicated that Plaintiffs should have received additional documents on November 2, 2021. This has not been the case. An Order of this Court is required to ensure compliance by Defendants.

## VI.   PLAINTIFFS' SANCTIONS REQUEST SHOULD BE GRANTED

Defendants' opposition to Plaintiff's request for sanctions is based on the mistaken belief that Plaintiff "circumvented the proper procedural process in filing this motion without appropriate efforts to meet and confer." (Dkt. 75, 6:16-18)

Plaintiff maintains that County's late response and limited compliance is sanctionable. Furthermore, Defendants have themselves demonstrated, by virtue of their review and reproduction of documents, that the initial document production was overly redacted. While it cannot be said that that these alterations were a direct consequence of Plaintiff filing this Motion to Compel, the timing would certainly indicate as such.

## VII.   CONCLUSION

Plaintiff's Motion clearly demonstrated the insufficiencies in Defendants' document production in response to Request for Production Set Two (erroneously titled Set One). Defendants' own actions in reviewing and reproducing documents further supports this

---

[4] Plaintiffs had been entertaining a fantasy all the documents would be gathered (the "juvenile case file" chief among them), they would be limited in obfuscation and redacted information, they would be "complete" in a true meaning of the word, and then Plaintiff would Bates Stamp them all in a nice logical fashion and provide them "back" to Counsel, so that the depositions of parties and witnesses could start with all counsel on the proverbial "same page" with regard to the indisputably most relevant documents.  That fantasy had to be given up two weeks ago as the discovery cut-off loomed and someone had to be deposed!  Plaintiffs chose two people (one Defendant) for whom it "felt" like the entire juvenile case file would not be necessary.  With those two done, only folks for whom the entire juvenile case file will be between "necessary" and "potentially important" are left to depose.  And yet, Plaintiffs absolutely, unequivocally, indisputably, do not have the entire juvenile case file. But then, with the exception of one Defendant, *they don't have dates either* so there is that problem!

9

---

Plaintiff's Reply in Supp. of Motion to Compel
Case No. 1:19-cv-01716-DAD-EPG
Webb v. County of Stanislaus

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

conclusion. Furthermore, Plaintiff correctly followed the Local Rules and this Court's order with regard to the filing of this Motion and the requirements to meet and confer. Defendants' continued inaction and delays have demonstrated the need for this Court to grant Plaintiff's Motion and compel additional document production, and likely require at the very minimum what Plaintiffs will call a "Joint Statement On Compliance With Court Order To Produce" or something of that nature reasonably promptly after the Court's ruling.

If the Court has any other ideas to simplify or expedite anything having to do with discovery, Plaintiffs are all ears.  Now the holidays are upon us, and Plaintiffs have exactly two depositions under their belt, and Defendants actually have not a single one.

If the Court agrees to order sanctions, Plaintiffs would request seven days to provide a declaration updating the time/expense spent on pursuing this Motion so the sanction actually reflects the tremendous amount of time, effort, and money that should have been avoided by good faith compliance with the discovery scheme of the Federal Rules of Civil Procedure, and the overarching maxims of FRCP 1.

Respectfully submitted,

Date: November 8, 2021

   __/S/ Robert R. Powell__
   ROBERT R. POWELL
   Attorney for Plaintiffs

Plaintiff's Reply in Supp. of Motion to Compel
Case No. 1:19-cv-01716-DAD-EPG
Webb v. County of Stanislaus