Bradley J. Swingle, SBN 171535
File No. 10350
**ARATA, SWINGLE, VAN EGMOND & HEITLINGER**
**A Professional Law Corporation**
1207 I Street
Post Office Box 3287
Modesto, California 95353
Telephone: (209) 522-2211
Facsimile: (209) 522-2980

Attorneys for Defendants
COUNTY OF STANISLAUS, APRIL COBBS, LAWRENCE JONES,
PATRICIA TOUT and ERIC ANDERSON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR WEBB, individually and as Guardian Ad Litem for A.W., JEREMY WESTFALL,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF STANISLAUS, APRIL COBBS, LAWRENCE JONES, PATRICIA TOUT, ERIC ANDERSON, CITY OF MODESTO, DOE 1, DOE 2, and DOES 3-10, inclusive,<br><br>Defendants.<br>_____/ | Case No.: 1:19-cv-01716-DAD-EPG<br><br>**COUNTY DEFENDANTS' FURTHER RESPONSE TO PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL RE: PLAINTIFFS' DEMANDS FOR PRODUCTION, SET TWO, ERRONEOUSLY TITLED DEMANDS FOR PRODUCITON SET ONE, TO DEFENDANT COUNTY OF STANISLAUS**<br><br>**Magistrate Judge Erica P. Grosjean**<br><br>**Date:** November 15, 2021<br>**Time:** 10:00 a.m.<br>**Dept.:** 10 |

The County of Stanislaus submits the following Further Response to Plaintiffs' Notice of Motion and Motion to Compel in an effort to update this Court with the status of the issues raised in the instant Motion to Compel.

## I. PREFATORY STATEMENT

As previously indicated, the County set forth in its opposition papers that the instant Motion to Compel was improperly filed as it did not include an appropriate meet and confer effort prior to the filing of the motion. That being said, the County believes that all of the issues raised in Plaintiffs' Motion have or will be resolved as will be set forth herein.

In particular, the scope of this Motion centered primarily on Demand for Production No. 1 and, to a lesser extent, Demand for Production No. 2 and Demand for Production No. 3. Demand for Production No. 1 asks for the following documents:

*"The juvenile case file associated with A.W., inclusive of the following:*

*a. All documents filed in any juvenile court case related to A.W.;*

*b. Reports to the juvenile court by probation officers, social workers of child welfare services programs, and CASA volunteers;*

*c. Documents made available to probation officers, social workers of child welfare services programs, and CASA volunteers in preparation of reports to the juvenile court;*

***d. Documents relating to [a] A.W. that are maintained in the office files of probation officers, social workers of child welfare services programs, and CASA volunteers;***

*e. Transcripts, records, or reports relating to matters prepared or released by the juvenile court, probation department, or child welfare services programs;*

*f. Documents, video or audiotapes, photographs, and exhibits admitted into evidence at juvenile court hearings; and*

***g. Contacts (also known as "delivered service logs") relating to the work performed by social workers, public health nurses, or any other employee of the County of Stanislaus pertaining to A.W., Taylor Webb, or Jeremy Westfall:"***

Demand for Production No. 2 sought the following documents:

COUNTY DEFENDANTS' FURTHER RESPONSE TO PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL RE: PLAINTIFFS' DEMANDS FOR PRODUCTION, SET TWO, ERRONEOUSLY TITLED DEMANDS FOR PRODUCTION SET ONE, TO DEFENDANT COUNTY OF STANISLAUS - 1

*"Any and all email, provided in Outlook Data File format, related to A.W.'s JUVENILE CASE, and/or containing the names of or referencing A. W., Jeremy Westfall, Taylor Webb, and Paula Webb, exchanged between any COUNTY employee and any other person, including but not limited to other County employees, law enforcement, medical staff or personnel, service providers, Stanislaus County District Attorney's Office staff and personnel, family members, collateral contacts, and/or party attorneys in A.W.'s juvenile case."*

With respect to Demand for Production No. 1, the County submits that the only two categories that are relevant are subdivisions (d) and (g) as no juvenile court proceeding was ever filed in connection with this case. The County will address its further efforts to comply with this request as part of this response and will be producing additional documents, including a number of unredacted documents. (Please note that the Demand for Production did not request the production of such records without appropriate redactions.) With respect to Demand for Production No. 2, the County has conducted a further reasonable search and diligent inquiry and will be producing additional records prior to the hearing on this motion.

The County believes that it has complied, in full, with the issues raised in Plaintiffs' motion, to the extent of its ability.

## II.     BASES FOR PLAINTIFFS' MOTION

Plaintiffs' motion is premised on claims that the County included improper redactions in its document production and/or failed to provide Privilege Log. Plaintiffs also claim that the County failed to produce certain emails, juvenile case documents, and other records. Plaintiffs also claim that the produced documents need to be accompanied by a Declaration from the Custodian of Records for the County. This Further Response will address those issues.

### A.     Improper Redaction Claim

As this Court is aware, documents contained within juvenile files are confidential. Within those files remain other levels of confidential information including, but not limited to, information pertaining to mandated reporters as well as personal and privileged information such as social security

numbers, information about third parties, etc. These represent some of the common bases for redacting records in juvenile case files

The parties dispute whether the County is required to prepare a privilege log with respect to redacted documents and, in particular, documents that contain mandated reporter information. Penal Code §11165.7, identifies those persons who are categorized as mandated reporters. In particular, Penal Code §11165.7(a)(15) recognizes that social workers are mandated reporters.

In addition, pursuant to Penal Code §11167, the identity of any mandated reporter is to be kept strictly confidential and the identity of all persons who report shall be confidential and disclosed only among agencies receiving or investigating mandated reports, to the prosecutor in a criminal prosecution or in an action initiated under Section 602 of the Welfare and Institutions Code arising from alleged child abuse, or to counsel appointed pursuant to subdivision (c) of Section 317 of the Welfare and Institutions Code, or to the county counsel or prosecutor in a proceeding under Part 4 (commencing with Section 7800) of Division 12 of the Family Code or Section 300 of the Welfare and Institutions Code, or to a licensing agency when abuse or neglect in out of home care is reasonably suspected, or when those persons waive confidentiality, or by court order." (Penal Code §11167(d)(1)).

In other cases handled by the undersigned's firm not with attorney Powell's office, the parties have agreed that no privilege log was required with respect to redactions involving the identity of a mandated reporter. That being said and, to assuage any concerns that Plaintiffs' counsel may have, the County is concurrently submitting a Privilege Log with respect to previously produced and redacted documents COS 825, COS 829, COS 833, COS 842-843, and COS 849. (Please note that sole bases for redactions contained in these documents is to protect the identity of the mandated reporter.)

In addition, Plaintiffs' motion requests that the County produce unredacted versions of the following records: COS 844, 845-847, 850-854, 855-857, 863-864, 866-871, 878-883, and 886-890. After much discussion and review, the County will produce unredacted versions of these records despite the fact that it is the County's belief that redactions are appropriate.

//

//

COUNTY DEFENDANTS' FURTHER RESPONSE TO PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL RE: PLAINTIFFS' DEMANDS FOR PRODUCTION, SET TWO, ERRONEOUSLY TITLED DEMANDS FOR PRODUCTION SET ONE, TO DEFENDANT COUNTY OF STANISLAUS - 3

### B.  Missing Documents

Plaintiffs also claim that the County failed to produce a number of emails, SDM tools (Structured Decision Making), guardianship filings, and requests for call logs from the Modesto Police Department. Plaintiffs also claim that the County failed to produce a document entitled "Youth Connection" which was referenced in one of the DSLs. Plaintiffs also claim that the County failed to produce a document entitled Path Decision Tool as well as documents received from the Golden Valley Health Center. Last, Plaintiffs claim that the County failed to produce CLETS documents.

The County has conducted a further search and diligent inquiry and responds to those requests as follows:

#### 1.  Text messages and emails

The County has conducted a further search and has located some text messages and an email that will be produced in the County's amended document production. A number of these text messages included photographs which represents all documents in the County's possession responsive to Demand for Production No. 3. These additional documents will be produced as part of the County's amended document production.

#### 2.  SDM Hotline Tools

The County has conducted a further search and diligent inquiry and will supplement its document production by producing a copy of this document which will be produced as part of the County's amended document production.

#### 3.  Modesto Police Department Call Logs

The County has conducted a further reasonable search and diligent inquiry and, while it has documents in its possession indicating that it requested call logs from the Modesto Police Department (MPD), the County has conducted a further reasonable search and diligent inquiry and has located no documents from the MPD in response to its request.

//

//

//

COUNTY DEFENDANTS' FURTHER RESPONSE TO PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL RE: PLAINTIFFS' DEMANDS FOR PRODUCTION, SET TWO, ERRONEOUSLY TITLED DEMANDS FOR PRODUCTION SET ONE, TO DEFENDANT COUNTY OF STANISLAUS - 4

### 4. Youth Connection Document

The County has conducted a further reasonable search and diligent inquiry and has been able to locate an email from Youth Connections that will be produced in the County's amended document production.

### 5. CLETS Documents

CLETS (California Law Enforcement Telecommunications System) is a computer network that gives police departments access to national databases maintained by the FBI, DMV, and others. Such information can only be accessed by authorized law enforcement and others, including social workers who are investigating referrals like the one made as a part of this lawsuit.

Pursuant to the County's policy, when a CLETS is run and information about a person is received regarding that person's criminal or other history, the social worker who obtained the information must shred or otherwise destroy it within ten (10) days. Accordingly, there are no responsive documents in the County's possession.

### 6. Path Decision Tool

The County has conducted a further reasonable search and diligent inquiry and has located a copy of this document. This document will be produced in the County's amended document production.

### 7. Medical Records

After a reasonable search and diligent inquiry, the County sent correspondence to the Golden Valley Health Centers requesting records of A.W. and her older brother B.W. The County received records pertaining to B.W. but was advised by Golden Valley that it had no medical records of A.W. The County did not originally produce the records of B.W. as he is not a party to this action. The County will amend its document production to produce these records.

### 8. Court Filings in the Guardianship Case

It comes as a surprise that Plaintiff is seeking these documents which the County believes are not responsive to any of the production requests. Further, it is believed that attorney Powell was counsel for Jeremy Westfall during this proceeding and, accordingly, possesses all responsive

documents. Typically, social workers do not maintain complete copies of guardianship proceedings. That being said, the County will agree to produce additional documents responsive to this request.

### III. NO DECLARATION OF A CUSTODIAN OF RECORDS IS NECESSARY

It should be noted that Plaintiffs never met and conferred on this issue nor did they ever reach out to the County to see if it would stipulate to the admissibility of the records at issue (or any records in A.W.'s juvenile file) should this matter proceed to trial. In fact, the County would stipulate to the admissibility of the documents produced in its document production in an effort to expedite and streamline the trial process. Accordingly, such a declaration is not necessary.

### IV. SANCTIONS ARE NOT WARRANTED

As indicated herein, a good portion of this motion is centered around a good faith and genuine dispute over the propriety of certain redactions. The County submits that this issue has been resolved and a privilege log has been provided to Plaintiffs addressing the fact that the redactions pertain to the identity of the mandated reporter.

As for the amended production, the County submits that discovery is an ongoing process and it is quite common to locate new and additional documents during the course of discovery. That is exactly what happened in this case.

Respectfully submitted.

Dated: December 8, 2021.

ARATA, SWINGLE, VAN EGMOND & HEITLINGER
A Professional Law Corporation


By /s/ Bradley J. Swingle
Bradley J. Swingle
Attorneys for Defendants
COUNTY OF STANISLAUS, APRIL COBBS, LAWRENCE JONES, PATRICIA TOUT and ERIC ANDERSON

COUNTY DEFENDANTS' FURTHER RESPONSE TO PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL RE: PLAINTIFFS' DEMANDS FOR PRODUCTION, SET TWO, ERRONEOUSLY TITLED DEMANDS FOR PRODUCTION SET ONE, TO DEFENDANT COUNTY OF STANISLAUS - 6

PROOF OF SERVICE

I am employed in the County of Stanislaus; my business address is P.O. Box 3287, Modesto, California 95353. I am over the age of 18 years and not a party to the foregoing action.

On December 8, 2021, I served the following document(s):

**COUNTY DEFENDANTS' FURTHER RESPONSE TO PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL RE: PLAINTIFFS' DEMANDS FOR PRODUCTION, SET TWO, ERRONEOUSLY TITLED DEMANDS FOR PRODUCTION SET ONE, TO DEFENDANT COUNTY OF STANISLAUS**

___ **BY MAIL** on the following party(ies) in said action, in accordance with Rule 5 of the Federal Rules of Civil Procedure, by placing a true copy thereof enclosed in a sealed envelope in the firm's daily mail processing center for mailing in the United States mail at Modesto, California.

___ **BY PERSONAL SERVICE** by delivering true copy thereof; in accordance with Code of Civil Procedure Section 1011, to the person(s) and at the address(es) set forth below via courier.

___ **BY OVERNIGHT DELIVERY** on the following party(ies) in said action, in accordance with Code of Civil Procedure Section 1013(c), by placing a true copy thereof enclosed a sealed envelope, with delivery fees paid or provided for, in a designated area for outgoing overnight mail, addressed as set forth below.

___ **BY FACSIMILE**, by use of facsimile machine in accordance with Code of Civil Procedure Section 1013(e) and California Rules of Court 2008(e), to the following party(ies) at the facsimile number(s) indicated. This transmission was reported as complete and without error.

_X_ **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by email or by electronic filing through the CM/ECF system to the e-mail addresses listed below. I am readily familiar with the Microsoft Outlook's e-mail system and United States District Court's CM/ECF system, and the transmission was reported as complete without error.

| Robert R. Powell (SBN 159747)<br>rpowell@rrpassociates.com<br>mcarrington@rrpassociates.com<br>POWELL & ASSOCIATES<br>925 West Hedding Street<br>San Jose, CA 95126 | |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 8, 2021 at Modesto, California.

/s/ Mary Ann Jefferies
Mary Ann Jefferies

10350