UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR WEBB, et al., | Case No. 1:19-cv-01716-DAD-EPG |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF TAYLOR WEBB'S MOTION TO COMPEL FURTHER DISCOVERY |
| v. | |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | (ECF Nos. 71, 78) |

Before the Court is Plaintiff Taylor Webb's ("Plaintiff Webb") motion to compel Defendant County of Stanislaus (the "County") to produce documents responsive to Plaintiff Webb's second set of requests for production and for an award of expenses pursuant to Federal Rule of Civil Procedure 37. (ECF Nos. 71, 78.) For the following reasons, the Court grants Plaintiff Webb's motion in part and denies it in part.

**I.    BACKGROUND**

Plaintiff Webb, Jeremy Westfall, A.W., and Donnie Cox as guardian ad litem for A.W. ("Plaintiffs") brought this action pursuant to 42 U.S.C. § 1983 against the County, April Cobbs, Lawrence Jones, Patricia Tout, Eric Anderson ("Defendants"), and the City of Modesto,[1] alleging that A.W. was unlawfully seized from her parents, Plaintiff Webb and Jeremy Westfall. (*See* ECF

---

[1] The plaintiffs' claims against the City of Modesto were dismissed pursuant to Federal Rule of Civil Procedure 41. (ECF Nos. 48, 49.)

1

No. 1.)

On May 19, 2020, Plaintiffs filed a motion for an order directing the state court to produce juvenile court files related to A.W. (ECF No. 19.) On June 26, 2020, the Court held a hearing and denied the motion without prejudice to a renewed request after the plaintiffs filed an appropriate petition with the state court pursuant to California Welfare and Institution Code § 827. (ECF No. 25.)[2]

On May 11, 2021, the Court held a mid-discovery status conference with the parties. (ECF No. 55.) Plaintiffs submitted a status report and declaration from counsel in advance of the conference indicating that Plaintiffs had filed a request for release of the juvenile case file in state court, which was granted on October 29, 2020. (ECF No. 53-1.) Plaintiffs subsequently made multiple efforts over the course of several months to obtain the juvenile case file from Defendants pursuant to the state court's order, but those efforts were unsuccessful. (*Id.*) Defendants filed a status report stating, in relevant part, "Defendants concede that discovery has been impeded by Plaintiffs' inability to obtain the Juvenile Court file. Defendants' counsel has asked its client to produce the file as per the prior court order." (ECF No. 54.)

At the May 11, 2021 status conference, Defendants' counsel confirmed that the juvenile case file still had not been produced. Plaintiffs' counsel expressed concern that the production would not include emails and indicated that he would like to serve a request for production for the emails. The Court gave Plaintiffs permission to file a motion to compel and/or a motion for sanctions concerning production of the juvenile case file, but required a further informal discovery conference regarding any failure to produce documents beyond the juvenile case file. (ECF No. 57.)

On August 5, 2021, the Court held an informal discovery dispute conference with the parties. (ECF No. 63.) Plaintiffs filed an informal letter brief explaining that Plaintiff Taylor Webb had served her second set of requests for production on May 18, 2021, which included a request for all email correspondence between Plaintiffs and County employees, all drafts of

---

[2] Plaintiffs filed a request for reconsideration, which District Judge Dale A. Drozd denied. (ECF Nos. 30, 36.)

2

warrant applications and internal documents generated as part of the warrant-drafting process, and documents reflecting internal investigations or audits into the County's handling of A.W.'s juvenile case. (ECF No. 61.) Defendants did not timely respond to the requests for production. (*Id.*) Defendants' informal letter brief explained that certain "key County employees" were out for summer vacation and it was taking longer than expected to obtain documents, and some documents needed redactions according to the County's policies. (ECF No. 62.) However, Defendants would be producing documents responsive to Plaintiff Webb's requests for production on July 20, 2021, and the juvenile case file on August 6, 2021. (*Id.*)

At the August 5, 2011 conference, Defendants' counsel represented that some responsive documents had been produced, but the County was still in the process of redacting additional documents and planned to produce them the following week. Plaintiffs' counsel expressed concern with the delay in production, the number of documents produced, Defendants' failure to provide a privilege log, the extent of redactions on the documents received, and the propriety of further redactions on the documents to be produced. The Court granted Plaintiff Webb permission to file a motion to compel regarding Plaintiff Webb's second set of requests for production, and directed the parties to comply with Local Rule 251 governing discovery motions. (ECF No. 64.)

## II.     MOTION TO COMPEL

On September 30, 2021, Plaintiff Webb filed the underlying motion to compel the County to produce documents responsive to her second set of requests for production. (ECF No. 71.) The motion was supported by briefing regarding a number of issues, including improper redactions, failure to produce all responsive documents, and failure to provide a declaration from the County's custodian of records. (*Id.*) The motion further requested an award of sanctions pursuant to Federal Rule of Civil Procedure 37. (*Id.*)

On November 1, 2021, the County filed an opposition to the motion and supporting declaration from Defendants' counsel, Bradley Swingle. (ECF No. 75.) The County first argued that Plaintiff Webb failed to adequately meet and confer prior to filing the motion. (*Id.* at 4-5.) Further, the County contended that it was required to redact "all mandated reporter information, all information involving third parties, as well as social security numbers and other privileged

3

information." (*Id.* at 7.) Further, the County claimed that a privilege log was not required. (*Id.* at 7.) The County otherwise conceded that it was willing to produce the additional requested documents and was, at the time of the opposition, "receiving additional documents responsive to Plaintiffs' production requests." (*Id.*)

On November 8, 2021, Plaintiff Webb filed a reply and supplemental declarations from Mr. Powell and Ms. Paulson.[3] (ECF No. 76.) The parties also filed a Joint Status Report and a Joint Statement Re Discovery Disagreement pursuant to Local Rule 251 the same day. (ECF Nos. 77, 78.)

On December 1, 2021, Plaintiffs' counsel, Mr. Powell, filed a declaration in support of the motion. (ECF No. 87.) Mr. Powell's declaration stated that, despite Defendants' counsel's repeated assurances, no additional responsive documents had been produced. (*Id.*) On December 8, 2021, the County filed a further response stating that the County would produce additional documents responsive to Plaintiff Webb's Demands for Production Nos. 1 and 2 prior to the hearing. (ECF No. 88.) The County further maintained that it would produce documents that did not include redactions, with the exception of mandated reporter information, for which a privilege log would be provided. (*Id.*) The County then addressed each document Plaintiff Webb contended was missing from the County's production and identified which documents would be produced and which documents the County did not have in its possession. (*Id.*)

The Court held a hearing on the motion on December 9, 2021.[4] (ECF No. 89.) At the hearing, Defendants' counsel confirmed that all responsive documents had been produced the previous day in unredacted form, with the exception of redactions of mandated reporter identities, for which a privilege log had been provided. Plaintiffs' counsel confirmed that, following this production, the only outstanding issues were the redaction of mandated reporter identities and the request for sanctions.

///

---

[3] Plaintiff Webb filed a notice of errata to the reply on November 9, 2021. (ECF No. 79.)

[4] The hearing date was continued to December 9, 2021, after Plaintiffs' counsel failed to appear at the hearing previously set for November 15, 2021. (*See* ECF Nos. 80-81, 84-86.)

The Court ordered the parties to file supplemental briefing on the mandated reporter redaction issue and further ordered the County to provide the unredacted documents and privilege log for *in camera* review. (ECF No. 90.) Plaintiff Webb filed her supplemental brief on January 12, 2022. (ECF No. 91.) The County submitted the unredacted documents, privilege log, and supplemental briefing to the Court on January 12, 2022, and filed a modified supplemental brief on January 13, 2022. (ECF No. 92.)

Thus, after many months and exhaustive briefing, the parties have resolved most of the disputes regarding the County's document production. This order addresses the items raised in Plaintiff Webb's motion to compel that remain unresolved following the hearing on the motion: 1) Plaintiff Webb's request for an order compelling the County to produce responsive documents with mandated reporter identities unredacted; and 2) Plaintiff Webb's request for an award of sanctions under Rule 37.

### III.   DISCUSSION

#### A. Mandated Reporter Redactions

1. Legal Standards

Federal Rule of Civil Procedure 26(b)(1) provides that parties:

> May obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. Pro. 26(b)(1). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citations omitted).

While federal law governs questions of privilege in federal question cases, "federal courts generally should give some weight to privacy rights that are protected by state constitutions and

state statutes." *Kelly v. City of San Jose,* 114 F.R.D. 653, 656 (N.D. Cal. 1987); *see also Ceramic Corp. of America v. Inka Maritime Corp., Inc.*, 163 F.R.D. 584, 588 (C.D. Cal. 1995) ("[I]f state doctrine promoting confidentiality does not conflict with federal interest, it may be taken into account as a matter of comity.") (citation omitted). California courts have held that, where communications are "tendered under a guaranty of confidentiality," they fall "manifestly within the [California] Constitution's protected area of privacy." *Garstang v. Superior Court,* 39 Cal.App.4th 526, 533 (1995), *overruled on other grounds by Williams v. Superior Court,* 220 Cal.5th 531 (2017)  (citation omitted).

California's Child Abuse and Neglect Reporting Act ("CANRA"), Cal. Pen. Code §§ 11164 *et seq.,* requires individuals who qualify as mandated reporters[5] to report any reasonable suspicion of child abuse or neglect to a responsible authority, such as law enforcement. Cal. Penal Code §§ 11165.7, 11165.9, 11166. CANRA protects the identity of the person who makes the report. Cal. Penal Code § 11167(d); *see also Doe v. Manhattan Beach Unified Sch. Dist.,* 2020 WL 111271845, at *2 (C.D. Cal. Oct. 20, 2020) (requiring mandated reporter's identity to be redacted pursuant to CANRA). Specifically, pursuant to California Penal Code § 11167(d),

> The identity of all persons who report under this article shall be confidential and disclosed only among agencies receiving or investigating mandated reports, to the prosecutor in a criminal prosecution or in an action initiated under Section 602 of the Welfare and Institutions Code arising from alleged child abuse, or to counsel appointed pursuant to subdivision (c) of Section 317 of the Welfare and Institutions Code, or to the county counsel or prosecutor in a proceeding under Part 4 (commencing with Section 7800) of Division 12 of the Family Code or Section 300 of the Welfare and Institutions Code, or to a licensing agency when abuse or neglect in out-of-home care is reasonably suspected, or when those persons waive confidentiality, or by court order.

Cal. Penal Code § 11167(d).

2. Analysis

Here, the County has redacted the names of the individual(s) who made confidential report(s) to the Stanislaus County Community Services Agency Child and Family Services regarding A.W.'s father, Mr. Westfall, which informed the County's decisions regarding A.W.

---

[5] The definition of "mandated reporter" under CANRA includes 49 subcategories of individuals, including "[a] social worker, probation officer, or parole officer." Cal. Penal Code § 11165.7(a)(15).

that are at issue in this lawsuit. The County has produced the rest of the communications, including what the reporter(s) communicated regarding Mr. Westfall and the basis for that information.

The Court will deny Plaintiff Webb's request that the Court compel the County to produce responsive documents with mandated reporter identity information unredacted. The County correctly argues that mandated reporter identities are confidential under California Penal Code § 11167(d). (ECF No. 92.) Although Plaintiff Webb argues that mandated reporter identities may be disclosed pursuant to a court order, she has not identified an adequate justification for issuing such an order that would counterbalance the policy interests that generally keep those identities confidential. (*See* ECF No. 91 at 2.)

Plaintiff Webb primarily relies on *All Angels Preschool/Daycare v. County of Merced,* 197 Cal.App.4th 394 (2011) ("*All Angels*") to argue that requiring the County to produce unredacted documents would not frustrate the purpose of CANRA. However, *All Angels* considered whether § 11167(d)(1)'s confidentiality provisions could support a cause of action for public entity liability based on breach of a mandated statutory duty under California Government Code § 815.6. *See All Angels,* 197 Cal.App.4th at 399-407. Specifically, the court considered whether § 11167(d)(1) "create[s] a mandatory obligation on the part of the public entity" and that duty is "designed to protect against the particular kind of injury the plaintiff suffered" as required for liability under California Government Code § 815.6. *Id.* at 401-402. *All Angels* did not address discovery of mandated reporter identities, the standard for issuance of a court order under § 11167(d)(1), or when disclosure of mandated reporter identities would or would not be consistent with the purpose of CANRA.

Regarding relevance of the reporters' identities, according to Plaintiff Webb's supplemental briefing, the identities of the mandated reporters are relevant to determining whether those individuals qualify as mandated reporters, as Plaintiffs' claims concern any form of "wrong-doing or gamesmanship" by the County. (ECF No. 91 at 4.) Plaintiffs' claims concern the basis for Defendants' removal of A.W. (*See* ECF No. 1.) The Court has conducted an *in camera* review of the documents at issue and the documents as redacted provide sufficient relevant

information regarding the dispute on its merits, *i.e.* what information the reporters relied on, without intruding on the protections provided to mandated reporters under CANRA. Additionally, Plaintiff Webb may use other forms of discovery, including interrogatories, to determine if the reporter(s) here qualified as mandated reporter(s).

Given the significant state interest in encouraging reports of child abuse and neglect, as well as the fact that the redacted documents provide sufficient information regarding the merits of the case, the Court declines to order disclosure in these circumstances that would violate CANRA. *See Doe,* 2020 WL 11271845, at *2 (declining to violate CANRA in a federal question case where plaintiff sought to compel production of documents with mandated reporter identities unredacted); *Shinedling v. Sunbeam Products, Inc.,* 2014 WL 12600964, at *4-5 (C.D. Cal. Mar. 4, 2014) (considering whether there were compelling reasons for invading the right to privacy under the California Constitution where statutory provisions protected disclosure of child protective service records); *see also* Cal. Penal Code § 11164(b) ("The intent and purpose of [CANRA] is to protect children from abuse and neglect.").

Thus, the Court will deny Plaintiff Webb's request for an order compelling the County to produce documents with mandated reporter identities unredacted.

**B. Rule 37 Sanctions**

1. Legal Standards

Under Rule 37(a)(5)(A):

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

///

///

2. <u>Analysis</u>

Plaintiff Webb requests an award of reasonable attorneys' fees incurred in bringing the motion to compel because the County's document production was untimely and incomplete. (ECF No. 71 at 21.) Plaintiff Webb seeks a total of $16,434.50, representing $10,990.00 in attorneys' fees, $5,412.50 in paralegal fees, and $32.00 in costs. (*Id.* at 22.)

Plaintiff Webb's motion to compel was filed on September 30, 2021, and raised several issues, including the propriety of the County's redactions, the County's failure to provide a privilege log, missing documents from the County's production, and failure to provide a custodian of records declaration. (ECF Nos. 71, 78.) On December 8, 2021, the County provided the requested discovery and a privilege log, resolving all issues other than the redaction of mandated reporter identities. Because the requested discovery was provided after the motion was filed, Rule 37 requires the Court to order payment of Plaintiff Webb's reasonable expenses incurred in making the motion, including attorneys' fees, unless: 1) Plaintiff Webb failed to meet and confer in good faith before filing the motion; 2) the County's response was substantially justified; or 3) other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A).

The County argues that sanctions should be denied because Plaintiff Webb did not properly meet and confer prior to filing the motion. (ECF No. 75 at 8.) This argument is without merit, as Plaintiffs' counsel submitted a declaration in support of the motion detailing several efforts to meet and confer with Defendants' counsel before the motion was filed. (*See* ECF No. 71-1.) Indeed, Plaintiffs' counsel has raised this issue at court conferences since the beginning of the case.

The County also argues that sanctions are not warranted because Plaintiffs have served a large amount of discovery in this action, as well as duplicative Public Records Act requests. (ECF No. 78 at 10-11.) Defendants have produced numerous documents and have been diligent in providing responses. (ECF No. 78 at 10.) Additionally, the County contends that its dispute over the propriety of certain redactions was in good faith. The Court agrees as it relates to the mandated reporter redactions. However, the mandated reporter redactions were only a portion of

9

one issue raised in the motion. Additionally, the County has not adequately explained why it took approximately seven months to provide a complete document production or to provide a privilege log for those redactions.

Notably, the County initially took the position that it was not obligated to provide a privilege log, but did not identify a basis for this refusal. (*See* ECF Nos. 75 at 7, 78 at 5-6.) Instead, the County contended that it was Plaintiff Webb's obligation to provide legal authority for its request for a privilege log. (ECF No. 78 at 6.) This is incorrect. *See* Fed. R. Civ. P. 26(b)(5)(A) (requiring the party withholding information to "expressly make the claim" and "describe the nature of the documents . . . not produced . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim"). As the party resisting discovery, it is the County's burden to support its objections. Even if the redactions were made in good faith, the County's refusal to provide a privilege log was not reasonable. In light of the circumstances, the County has failed to show that its delay in producing responsive documents and a privilege log was substantially justified.

However, the Court finds that other circumstances warrant a reduction in the amount requested. Plaintiff Webb's sanctions request includes substantial time spent drafting the motion to compel, including briefing and declarations. Specifically, Plaintiff Webb seeks reimbursement of $3,850.00 in attorneys' fees, representing 5.5 hours of Plaintiffs' counsel Mr. Powell's time, and $4,640.00 in paralegal fees, representing 21.6 hours of paralegals Ms. Paulson and Ms. Carrington's time. (*See* ECF No. 7-1 at 35-38.)

Plaintiff Webb filed a detailed motion to compel, with eighteen pages of briefing, two declarations, and more than fifty pages of exhibits, separate and apart from the parties' Joint Statement Re Discovery Disagreement. (*See* ECF Nos. 71, 78.) Such a filing was not permitted under the Local Rules. *See* E.D. Cal. L.R. 251(c) ("If the moving party is still dissatisfied after the conference of counsel, that party shall draft and file a document entitled 'Joint Statement re Discovery Disagreement.' . . . All arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be included in this joint statement, and no separate briefing shall be filed."). The Court's order granting Plaintiff

Webb permission to file her motion to compel directed the parties to comply with Local Rule 251. (ECF No. 64.) Accordingly, awarding fees for time spent preparing these materials would be unjust. The Court finds that one hour of attorney time and two hours of paralegal time spent preparing the motion to compel is reasonable, and will reduce the expense award accordingly.[6]

Plaintiff Webb also seeks reimbursement for Mr. Powell's time at a rate of $700.00 per hour, Ms. Paulson's time at a rate of $175.00 per hour, and Ms. Carrington's time at a rate of $225.00 per hour. (*See* ECF No. 71-1 at 35-38.) While Plaintiffs' counsel contends that these proposed rates have been found reasonable in other districts, to determine "reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Webb v. Ada Cnt.,* 285 F.3d 829, 840 (9th Cir. 2002). In the Fresno Division of the Eastern District of California, generally, attorneys with twenty or more years of experience are awarded $325.00 to $400.00 per hour, attorneys with ten to twenty years of experience are awarded $250.00 to $325.00, attorneys with five to ten years of experience are awarded $225.00 to $250.00, and less than $200.00 for attorneys with less than five years of experience. *Perkins v. City of Modesto,* 2020 WL 4547325, at *2 (E.D. Cal. Aug. 6, 2020) (collecting cases). Rates for paralegal work in the Fresno Division range from $75.00 to $150.00. *Silvester v. Harris,* 2014 WL 7239271, at *4 (E.D. Cal. Dec. 17, 2014).

Plaintiff Webb submitted evidence that Mr. Powell has been practicing law for approximately 30 years. (ECF No. 71-1 at 49.) Thus, the Court finds that an hourly rate of $400.00 per hour is reasonable as to Mr. Powell. However, Plaintiff Webb does not provide details regarding Ms. Paulson or Ms. Carrington's experience as paralegals. (*See id.*) The Court accordingly finds that a rate of $100.00 for paralegal time is reasonable.

Including the reduction of time spent preparing the motion, the Court finds that an award of expenses totaling $5,202.00, representing 11.5 hours of Mr. Powell's time at a rate of 400.00

---

[6] Plaintiffs' counsel and paralegals often block billed their time. (*See* ECF No. 71-1 at 35-38.) To the extent the entries describing work spent preparing the motion to compel also included other activities, Plaintiff Webb has failed to provide sufficient information for the Court to determine how much time was attributable to other activities or whether an award of expenses for those activities is reasonable.

per hour, 5.7 hours of paralegal time at a rate of $100.00 per hour, and $32.00 in costs, is reasonable under the circumstances. The Court will therefore award Plaintiff Webb a total of $5,202.00 in expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

### IV. CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff Webb's motion to compel (ECF Nos. 71, 78) is granted in part and denied in part;
2. Plaintiff Webb's request to compel the County to produce documents with mandated reporter identification information unredacted is denied;
3. Plaintiff Webb's request for an award of expenses against the County pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) is granted in the amount of $5,202.00; and
4. The County shall file a statement within thirty (30) days of this order certifying that it has complied with its obligation to pay Plaintiff Webb's expenses as ordered by the Court.

IT IS SO ORDERED.

Dated: **February 11, 2022**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE